UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MOBILE WEATHER TEAM, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-01020 |
| ) | |
| GREGORY QUINN, JACOB SWICK and ) | |
| THOR GUARD, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is now before the Court on Defendant's Motion To Dismiss Count X and the Plaintiff's opposition thereto. For the reasons set forth below, Defendant's Motion To Dismiss [#32] is GRANTED.

### BACKGROUND

Plaintiff, Mobile Weather Team ("MWT"), is in the business of providing on-site weather forecasting services (predicting oncoming lightning and storms) for outdoor events. To accomplish its goal of early warning of oncoming lightning and storms, MWT employs the use of radar and lightning predicting devices. One such device is leased to MWT by the Defendant, Thor Guard.

The original Complaint filed by MWT named two of its former employees, Gregory Quinn ("Quinn") and Jacob Swick ("Swick"), who left MWT and went to work for Thor Guard. MWT asserted that Quinn and Swick, upon leaving, misappropriated confidential information to

the benefit of Thor Guard and violated their employment contracts. MWT also alleged various causes of action against Thor Guard. In an Amended Complaint, MWT added several defamation claims, one of which is at issue on the present Motion.

Thor Guard filed a counterclaim asserting that there is no valid and enforceable lease agreement and that MWT is in wrongful possession of Thor Guard equipment. The counterclaim also alleges conversion, unjust enrichment, and misappropriation of trade secrets. Thor Guard believes that MWT misappropriated trade secrets by sharing them with a Spanish competitor to help it improve it's product so MWT could benefit from a business relationship with the competitor.

Defendant Quinn has now filed a motion to dismiss Count X of MWT's Amended Complaint, which contains a claim against him for defamation, based upon Fed. R. Civ. P. 12(b)(6). MWT's claim of defamation *per se* is based upon the following chief allegations:

In December of 2004, Quinn, sent an email to an employee of USGA stating:

> I wanted to let you know that I am now working for Thor Guard along with Jake Swick (another Met from Mobile Weather Team) to develop a forecasting side of their business to go along with some great new thunderstorm prediction tools that Thor Guard is developing. I wanted to get your feedback about doing the USGA Championships next year. I wanted to call Mike Davis about this but if you think there is another person that I should talk to first I would like to hear your thoughts.
>
> Just some background. . . . Mike has lost Jake and I and will most likely lose Willis and Stewart because the PGA Tour decided not to go with Mobile Weather Team for the 2005 season. I know Mike is currently doing the USGA Championships but I believe he may have a hard time staying in business without the Tour contract. Regardless, I think we can do a better job with USGA scheduling and making sure we have good people at all the championships.

MWT alleges that Defendant Quinn knew these statements were false at the time he made them and that the statements were made maliciously and intended to impute a lack of ability of Plaintiff to conduct its business. Thus, MWT contends that Quinn's statements were defamatory per se and entitle MWT to compensatory and punitive damages.

## DISCUSSION

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiffs to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

### A. Illinois Standard for Defamation

"There are four recognized categories of *per se* defamatory statements: words that impute (1) the commission of a crime; (2) infection with a communicable disease; (3) inability to perform or want of integrity to discharge duties of office or employment and prejudice to a party; or (4) lack of ability in a person's trade, profession or business." Moriarty v. Greene, 315 Ill.App.3d 225, 231 *citing* Bryson v. News America Publications, Inc., 174 Ill.2d 77, 88. Since MWT is a corporation, a further test for defamation is added, that is "no question of personal reputation can be involved, and the defamation must assail its financial position, its business methods, or accuse it of fraud or mismanagement." Life Printing and Publishing Co. v. Field,

324 Ill.App. 254, 260.

Under the categories recognized by Illinois law, the email sent by Quinn to the USGA employee on December 2, 2004 can be construed as defamatory *per se* as words imputing an inability to perform employment duties. The email, read in context, appears to be a sales pitch by Quinn to the USGA. While it is unclear from the Complaint whether the recipient of the email had the power to award USGA contracts, it is possible to draw the reasonable inference that she at least had some leverage or influence upon the process. Even when given the most innocent construction, the statements made by Quinn in the email impute some level of prejudice toward MWT given the highly competitive process of awarding contracts and the economic stakes at hand. By stating, "I believe he may have a hard time staying in business without the Tour contract," Quinn implies some degree of skepticism about the financial viability of MWT in the future. The Court would reach the same conclusion when considering the additional test applicable to corporate plaintiffs, as the statement meets the standard of assailing the financial position of the Plaintiff.

### B. Innocent Construction of Statements

Even though Quinn's statement may otherwise qualify as defamation *per se*, it is still not actionable if it is capable of an innocent construction. Chapski v. Copley Press, 92 Ill.2d 344, 352. The innocent construction standard in Illinois was revised in Chapski. The Court held that, "a written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meaning; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff it cannot be actionable *per se*." Id. This is clearly not the case here.

Considering the email in context and giving the words and implications therefrom their natural and obvious meaning, the Court cannot find that the statement made by Quinn can be construed innocently as a matter of law. Quinn suggests that the statement must be "stripped of innuendo" and read simply as his belief that MWT would have a difficult time staying in business due to the loss of employees. *See* Garber-Pierre Food Products, Inc. v. Crooks, 78 Ill.App.3d 356, 359. Outside of the context between the Plaintiff and the Defendant, such a construction might be possible. However, given the prior relationship between MWT and Quinn, the current employment status of Quinn as a competitor to MWT, the highly competitive nature of the awarding of contracts in the industry, the financial stakes at hand, and the solicitous overtone of the email, Quinn's statement is not capable of an innocent construction.

**C. Statements Represent Non-Actionable Opinions**

Despite the support for a claim of defamation by MWT under the first two standards, the claim cannot stand if the statements made by Quinn are statements of opinion as opposed to fact. "Only statements capable of being proven true or false are actionable; opinions are not." Moriarty v. Greene, 315 Ill.App.3d 225, 233 *citing* Kirchner v. Greene, 294 Ill.App.3d 672, 680-81. Further, "if it is plain that the speaker is expressing a subjective view, an interpretation, a theory, conjecture or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable." Haynes v. Alfred A. Knopf, Inc., 8 F.3d 1222, 1227 (7th Cir. 1993).

Quinn's statement regarding his belief that MWT was likely to lose certain employees and may have a hard time staying in business is not an objectively verifiable fact that is capable of being proven true or false; the assertion is plainly subjective conjecture. Thus, the Court must

find that it is a statement of opinion and, thus, not actionable. Accordingly, Quinn's Motion To Dismiss Count X will be granted.

## CONCLUSION

For the reasons set forth above, Quinn's Motion To Dismiss [#32] is GRANTED, and Count X of Plaintiff's Amended Complaint is hereby DISMISSED.

Entered this 11th day of August, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
