E-FILED
Friday, 08 September, 2006  08:03:45 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MOBILE WEATHER TEAM, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 05-1020 |
| GREGORY QUINN, JACOB SWICK, and THOR GUARD, INC., | ) ) ) ) |
| Defendants. | ) |

## O R D E R

This matter is now before the Court for Clarification on a portion of the Court's July 19, 2006, Order denying Defendants' Motion for Summary Judgment on Count IX – Defamation. The Court's ruling on Defendants' claim of qualified privilege is as follows.

Under Illinois defamation law, a conditional privilege was traditionally found to exist where the defendant demonstrated:

> (1) good faith by the defendant in making the statement; (2) an interest or duty to uphold; (3) a statement limited in its scope to that purpose; (4) a proper occasion; and (5) publication in a proper manner and to proper parties only.

Kuwik v. Starmark Star Marketing and Administration, Inc., 156 Ill.2d 16, 25, 619 N.E.2d 129 (Ill. 1993). However, there was some confusion as to whether the courts could properly assess a defendant's culpability, which is a classic factual issue. The Illinois Supreme Court then clarified the respective roles of judges and juries in Kuwik, where it

indicated that courts must look only to the occasion itself and determine as a matter of law whether the occasion "created some recognized duty or interest to make the communication so as to make it privileged." Id., at 27.  Once this threshold determination is made, a conditional privilege has been established, and the remaining elements, such as whether the defendant acted in good faith in making the statements, whether the scope of the statement was properly limited, and whether the statement was sent to the proper parties, are left to the jury to be determined as questions of fact as to whether the conditional privilege was abused.  Id.

In resolving the Motion for Summary Judgment, the Court found that Dugan had a clear interest at stake as the owner of the Thor Guard equipment and was justified in expressing concern about its whereabouts.  (Order at 12) This falls within the recognized category of conditionally privileged statements where there is information affecting the publisher's sufficiently important interest, and the recipient's knowledge of this information will assist in the lawful protection of that interest.  Kuwik, 156 Ill.2d at 29, *citing* Restatement (Second) of Torts § 594.  Accordingly, the Court found that Dugan's statements were conditionally privileged.

The Court then noted that the record presents serious questions of fact as to whether Dugan acted in good faith or went beyond the legitimate scope of protecting his interest.  Under Kuwik, such questions must be resolved by the jury at trial.  Id., at 27.  To prove an abuse of the conditional privilege at trial, the Plaintiff will have to show "a direct intention to injure [him], or . . .  a reckless disregard of [his] rights and the consequences that may result to him."  Id., at 30, *citing* Bratt v. International Business Machines Corp., 392 Mass. 515, 521 (Mass. 1984).

> [A]n abuse of a qualified privilege may consist of any reckless act which shows a disregard for the defamed party's rights, including the failure to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties.

Id.

Accordingly, the Court has found the existence of a threshold conditional privilege, and it is up to the jury to determine as an issue of fact whether or not that privilege has been abused under the standard set forth in Kuwik.

ENTERED this 7th day of September, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge